IN THE DISTRICT COURT OF ELLIS COUNTY
FOR THE STATE OF OKLAHOMA

```
FILED
COURT CLERK'S OFFICE
Ellis County, Okla.

AUG 1  2008

Time_____ M
DONA FOLKS, Court Clerk
By_____
```

THE ELLIS COUNTY ROYALTY COMPANY, )
)
Plaintiff, )
)
vs. ) Case No. CJ-2008-15 (47)
)
ENDEAVOR ENERGY RESOURCES, L.P., )
)
Defendant. )

## PETITION

COMES NOW, the Plaintiff, and for its cause of action against Defendant, Endeavor Energy Resources, L.P., states as follows:

1. Plaintiff is an Oklahoma Corporation with its primary place of business in Ellis County, State of Oklahoma.

2. Defendant is a Texas Limited Partnership doing business in Ellis County State of Oklahoma.

3. On or about December 18, 1980, Plaintiff, The Ellis County Royalty Company (Hereinafter "Ellis") entered into and Oil and Gas Lease (Hereinafter "Lease") with Universal Resources Corporation as it relates to certain mineral interests which are further described as:

> The Southeast Quarter (SE/4) of Section 5, Township 16 North, Range 23 West of the Indian Meridian situated in Ellis County, State of Oklahoma. (See attached Exhibit "A")

4. After several Assignments, the Lease has ultimately been assigned to Defendant, Endeavor Energy Resources, L.P, effective August 1, 2000. (Hereinafter "Endeavor").

5. In accordance with the Lease a well was drilled which has been identified as the Shahan #4-5 (Hereinafter "Well").

## FIRST CAUSE OF ACTION
(Quiet Title)

6. The Well did not produce oil from November, 2001 through June, 2005 and was shut in.

7. Subsequent to the execution of the lease and particularly from November, 2001 through June, 2005, there were periods that gas was not being sold or used from the subject Well.

8. Endeavor and its Assignors have never paid or tendered any payment for oil, gas, or shut in royalty payment to keep the lease in force during November, 2001 through June, 2005 or at any other time.

9. According to the terms of the Oil and Gas Lease the lease has expired and Plaintiff is entitled to judgment against the said Defendant, adjudging that the lease has expired and Plaintiff is the owner of legal title in fee simple in and to said minerals, free and clear of all liens, claims and incumbrances that the Defendants have no right, title, or interest therein, and that they be barred and enjoined from asserting any right claim or interest therein; that the title of Plaintiff be quieted and confirmed.

WHEREFORE PREMISES CONSIDERED, Plaintiff requests this court enter judgment in its favor and against Defendant, adjudging that the lease has expired and Plaintiff is the owner of legal title in fee simple in and to said described minerals, free and clear of all liens, claims and incumbrances that the Defendant has no right, title, or interest therein, and that they be barred and enjoined from asserting any right claim or interest therein; that the title of Plaintiff be quieted and confirmed, and for its costs, including reasonable attorney fees, and for such other and further relief as is just and proper.

## SECOND CAUSE OF ACTION
(Accounting)

10. Defendant has never provided an accounting or paid for any gas production since November 30, 2001, as required by the Lease entered into on December 18, 1980.

11. Plaintiff is entitled to an accounting of all oil and gas production from the subject well and payment to Plaintiff in its proportionate share with accrued and accruing interest.

12. Plaintiff is entitled to judgment against the Defendant for its proportionate share of gas revenue in an amount of not less than $1,469,751.23 for gas production obtained from the subject well.

WHEREFORE PREMISES CONSIDERED, Plaintiff requests this court enter judgment in its favor and against Defendant, in an amount of not less than $1,469,751.23 for production of gas from the subject well, for its costs, including reasonable attorney fees, and for such other and further relief as is just and proper.

## THIRD CAUSE OF ACTION
(Conversion)

13. The Oil and Gas Lease referenced above has expired in accordance with the terms of the Lease.

14. Defendant continues to take oil and gas from the subject well after expiration of the lease.

15. Plaintiff contacted Defendant required the expired lease, however, Defendant has not responded to Plaintiff and only advised that "he would get back to him".

16. The actions of the Defendant to remove oil and gas without a lease are willful and done in bad faith for which the Plaintiff is entitled to punitive damages from Defendant in an amount

greater than $10,000.00.

WHEREFORE PREMISES CONSIDERED, Plaintiff requests this court enter judgment in its favor and against Defendant, in an amount greater than $10,000.00 as and for punitive damages for the continued actions of the Defendant, for its costs, including reasonable attorney fees and for such other and further relief as is just and proper.

Respectfully submitted,

_____
Howard R. Haralson, OBA #11648
P.O. Box 23013
Oklahoma City, Oklahoma 73123-2013
405/789-2000
Attorney for Plaintiff

STATE OF OKLAHOMA     ss:   **VERIFICATION**
COUNTY OF ELLIS

J.G. Dowler, of lawful age, being first duly sworn on oath deposes and states:

That he is the President of the Plaintiff herein; that he has read the above and foregoing Petition and that the statements therein contained are true and correct as he verily believes.

_____
J.G. Dowler, President Ellis County Royalty Company

Subscribed and sworn to before me this 5th day of August, 2008.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: 12/18/08